UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

JULIO MERCADO,
        Plaintiff,

        v.                                    CIVIL ACTION NO.
                                              14-12702-IT

UMASS CORRECTIONAL HEALTH CARE,
et al.,
        Defendants.

                              ORDER

    Plaintiff Julio Mercado originally filed a joint compliant that was part of a multi-plaintiff civil rights action. See Stote, et al. v. UMASS Correctional Health Care, et al., C.A. No. 13-10267-NMG (the "2013 action"). The 2013 action was initiated by MCI Norfolk inmate John E. Stote concerning alleged inadequate medical care at MCI Norfolk. On June 25, 2014, the judge assigned to the 2013 action severed the individual prisoner claims into separate cases. See No. 13-10267-NMG, 06/25/2014 Memorandum and Order (the "June Order), Docket #20.

    Pursuant to the directives of the June Order, the Clerk opened a new case for Mercado. See Docket, 14-12702-IT. Even though Mercado did not sign the original complaint, the June Order was mailed to Mercado, giving him an opportunity to pursue the action.

    Mercado has not responded to the Court's order and the time to do so has expired. The Order was not returned to the Court as undeliverable and a search of the on-line Victim Information & Notification Everyday (VineLink) homepage reveals that Mr.

Mercado is no longer in DOC custody.  See VineLink Offender Locator, http://www.vinelink.com (last visited Sept. 17, 2014).

Mr. Mercado failed to inform the Court of his new address as required under this Court's local rules.  See District of Massachusetts Local Rule 83.5.2(e) (requiring pro se litigants to notify the clerk of any change of address).  The Supreme Court has recognized that district courts have inherent power to dismiss cases for failure to prosecute.  See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiffs action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The fact that Mercado has not kept the Court advised of his current address suggests that he may have decided not to press his individual claim.  The Court is not required to delay disposition in this case until such time as plaintiff decides to comply with the requirement of providing his current address.

For the foregoing reasons, it is hereby ORDERED this action is DISMISSED without prejudice.

SO ORDERED.

| | |
|---|---|
| October 10, 2014 | /s/ Indira Talwani |
| DATE | INDIRA TALWANI |
| | UNITED STATES DISTRICT JUDGE |